## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DALE ROBACK,

     Plaintiff,                                   Case No. 15-14331

vs.                                         Hon. Gerald E. Rosen

UNITED PARCEL SERVICE, INC.,
LIBERTY MUTUAL AUTO AND HOME
SERVICES, LLC, GARY GUEST, and
JAMES STERNBURG,

     Defendants.

_____/

## OPINION AND ORDER REGARDING
## DEFENDANTS' MOTIONS TO DISMISS

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on        September 13, 2016       

PRESENT:    Honorable Gerald E. Rosen
                    United States District Judge

## I. INTRODUCTION

Plaintiff Dale Roback commenced this suit in state court on November 9, 2015, asserting state-law claims of breach of contract, promissory estoppel, and fraudulent and innocent misrepresentation against Defendants United Parcel Service, Inc. ("UPS"), Liberty Mutual Auto and Home Services, LLC ("Liberty Mutual"), Gary Guest, and James Sternberg.  In support of these claims, Plaintiff

alleges that following an on-the-job injury he suffered during his employment with Defendant UPS, Defendants agreed to pay him a contractual annuity as part of a settlement of his workers' compensation claim, but that Defendants have since refused to make the payments called for under this settlement agreement. Defendants UPS and Gary Guest removed the case to this Court on December 14, 2015, asserting that at least some of Plaintiff's state-law claims should be construed as completely preeempted by, and hence effectively arising under, the federal Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1]

Through the present motion filed on January 4, 2016, Defendants UPS and Gary Guest seek the dismissal of Plaintiff's complaint in its entirety on the ground that Plaintiff's state-law claims are preempted by ERISA. Defendant Liberty Mutual likewise has moved for the dismissal of Plaintiff's complaint, in reliance solely on the arguments advanced in the motion filed by UPS and Guest. In responses filed in opposition to Defendants' motions, Plaintiff argues that he is not claiming an entitlement to benefits under an ERISA plan, but instead seeks

---

[1]On the same day Defendants UPS and Guest removed the case to this Court, Defendant Liberty Mutual filed a notice of its consent to removal. It does not appear that the remaining defendant, James Sternburg, has been served with the complaint, and thus there is no need for this individual to join in the removal of this action. *See* 28 U.S.C. § 1446(b)(2)(A).

payment of amounts separately owed to him under an agreement reached in settlement of a workers' compensation claim he brought against his employer, Defendant UPS. Accordingly, Plaintiff contends that his state-law claims are not preempted by ERISA, and that this case was improperly removed from state to federal court on the basis of federal ERISA claims that he has not asserted.[2]

Defendants' two motions to dismiss have been fully briefed by the parties. Having reviewed the parties' briefs in support of and in opposition to Defendants' motions, as well as the remainder of the record, the Court finds that the pertinent facts, allegations, and legal issues are adequately presented in these written submissions, and that oral argument would not assist in the resolution of these motions. Accordingly, the Court will decide Defendants' motions "on the briefs." *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. For the reasons set forth below, the Court finds that Plaintiffs' state-law claims are not completely preempted by ERISA, and that this case therefore must be remanded to state court.

---

[2]Although Plaintiff has not filed a separate motion requesting that this case be remanded to state court, he asks for this relief at the conclusion of his response to the motion to dismiss filed by Defendants UPS and Gary Guest. The absence of an express motion challenging Defendants' removal of this action does not preclude the Court from considering whether to remand this case to state court, as the Court is directed under 28 U.S.C. § 1447(c) to remand this case "at any time before final judgment" if it determines that subject matter jurisdiction is lacking.

3

## II.  <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

In September of 1993, Plaintiff Dale Roback was injured while working at the Jackson, Michigan facility of his employer, Defendant United Parcel Service, Inc. ("UPS").  Plaintiff sought workers' compensation benefits from UPS for this on-the-job injury, and the parties resolved this workers' compensation claim through a redemption agreement entered into on July 7, 2005.  As a UPS employee, Plaintiff also was entitled to benefits under various employee benefit plans offered by UPS, including the UPS Retirement Plan (the "Plan"), and Defendants state without contradiction that this Plan is governed by ERISA.[3]

According to Plaintiff's complaint, shortly before Plaintiff entered into the July 7, 2005 redemption agreement to settle his workers' compensation claim, he participated in a "private meeting" with (i) one or more representatives of Defendant UPS, including Defendant Gary Guest, who was employed at the time as a workers' compensation manager for UPS, and Defendant James Sternburg,[4] who

---

[3]In a prior case filed with this Court on November 16, 2009, Plaintiff challenged UPS's termination of health care benefits he had been receiving under the UPS Retired Employees' Health Care Plan.  In an opinion issued on October 26, 2010, this Court held that Plaintiff's ERISA-based claim for benefits was time-barred, and that a state-law breach of contract claim brought by Plaintiff was preempted by ERISA and subject to dismissal.  *See Roback v. UPS Retired Employees' Healthcare Plan,* No. 09-14478, 2010 WL 4286180 (E.D. Mich. Oct. 26, 2010).

[4]Defendants state that the correct spelling of this individual's last name is "Sterenberg."  As noted earlier, it appears from the record that Mr. Sterenberg has not

4

was employed at the time as a manager in UPS's risk management department, and

(ii) one or more representatives of UPS's workers' compensation insurer,

Defendant Liberty Mutual Auto and Home Services, LLC ("Liberty Mutual").  (*See*

Complaint at ¶¶ 4-6, 8.)  In the course of this meeting, Defendants allegedly made a

PowerPoint presentation to Plaintiff, purportedly offering him a "contractual

annuity which would become effective on the date [P]laintiff received his ERISA

qualified pension benefits[,] and which was separate and apart from the ERISA

retirement plan benefits."  (*Id.* at ¶ 5.)  More specifically, Defendants allegedly

promised that "in addition to his ERISA retirement," Plaintiff "would also receive

$1905.00 plus an additional $400.00 per month," or "total combined retirement

benefits [of] $2305.00 per month at age 55 in addition to his ERISA qualified

pension benefits."  (*Id.* at ¶¶ 6, 10.)  In reliance on this promise, Plaintiff accepted

the redemption agreement offered by Defendants to settle his workers'

compensation claim.  (*See id.* at ¶¶ 16-17.)

In April of 2014, Plaintiff began receiving pension benefits under the Plan,

as well as monthly payments of $400.  (*See id.* at ¶ 11.)  Defendants, however,

"refused to pay [P]laintiff the $1905.00 [per month] he was guaranteed under the

terms of" the PowerPoint presentation made to him on or before July 7, 2005.  (*Id.*

_____

been served with the complaint.

at ¶ 11.)  Accordingly, Plaintiff commenced this action in state court on November

9, 2015, asserting state-law claims of breach of contract, promissory estoppel,

fraudulent misrepresentation, and innocent misrepresentation arising from

Defendants' failure to make the monthly payments allegedly promised to Plaintiff

in connection with the parties' settlement of Plaintiff's workers' compensation

claim.

## III.  ANALYSIS

Plaintiff's complaint, on its face, advances only claims arising under state

law.  Under the venerable "well-pleaded complaint" rule, then, this case could not

have been removed from state to federal court as involving claims "arising under"

federal law, *see* 28 U.S.C. §§ 1331, 1441(a), because federal question jurisdiction

ordinarily "exists only when a federal question is presented on the face of the

plaintiff's properly pleaded complaint."  *Caterpillar Inc. v. Williams,* 482 U.S. 386,

392, 107 S. Ct. 2425, 2429 (1987).  This rule "makes the plaintiff the master of the

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

*Caterpillar,* 482 U.S. at 392, 107 S. Ct. at 2429 (footnote with citations omitted).

Despite Plaintiff's assertion of claims that purport to rest exclusively on state

law, Defendants UPS and Gary Guest nonetheless removed this action to this

Court, citing "an independent corollary to the well-pleaded complaint rule known

6

as the 'complete pre-emption' doctrine." *Caterpillar,* 482 U.S. at 393, 107 S. Ct. at 2430 (internal quotation marks and citation omitted).  As explained by the Supreme Court, this doctrine applies where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule."  482 U.S. at 393, 107 S. Ct. at 2430 (internal quotation marks and citation omitted). Moreover, "ERISA is one of these statutes" that "completely pre-empts [certain] state-law cause[s] of action," such that "a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law."  *Aetna Health Inc. v. Davila,* 542 U.S. 200, 208, 124 S. Ct. 2488, 2495 (2004) (internal quotation marks and citation omitted).

The doctrine of complete preemption, however, does not reach any and all claims that are connected in any way to an employee benefit plan governed by ERISA.  While ERISA includes preemption provisions that are "deliberately expansive," such that "virtually all state law claims relating to an employee benefit plan are preempted by ERISA," *Marks v. Newcourt Credit Group, Inc.,* 342 F.3d 444, 452 (6th Cir. 2003) (internal quotation marks and citations omitted), the ordinary or "express" preemption triggered by these provisions "does not provide a basis for removal because it creates only a traditional preemption defense," *Hogan*

7

*v. Jacobson,* 823 F.3d 872, 879 (6th Cir. 2016).  Rather, only a claim that lies

within the scope of the statute's "integrated enforcement mechanism, ERISA §

502(a), 29 U.S.C. § 1132(a)," is subject to the "stronger" preemptive force reflected

in the doctrine of complete preemption, and is thereby "removable to federal court"

as a claim arising under federal law.  *Aetna Health,* 542 U.S. at 208-09, 124 S. Ct.

at 2495-96 (internal quotation marks and citation omitted).  In particular, a state-

law claim is completely preempted as within the scope of ERISA § 502(a)(1)(B),

29 U.S.C. § 1132(a)(1)(B), if "(1) the plaintiff complains about the denial of

benefits to which he is entitled only because of the terms of an ERISA-regulated

employee benefit plan; and (2) the plaintiff does not allege the violation of any

legal duty (state or federal) independent of ERISA or the plan terms."  *Gardner v.

Heartland Industrial Partners, LP,* 715 F.3d 609, 613 (6th Cir. 2013) (internal

quotation marks and citation omitted).[5]

Turning, then, to the state-law claims asserted by Plaintiff here, the

_____

[5]The Court recognizes that Defendants' present motions focus on ordinary rather than complete preemption.  As noted earlier, however, the Court has an independent obligation to determine whether there is a proper jurisdictional basis for the removal of a case to federal court, and to remand the case to state court in the event that subject matter jurisdiction is lacking.  *See* 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3) (authorizing the federal district courts to consider "at any time" whether to dismiss a suit for lack of subject matter jurisdiction).  Accordingly, before the Court considers whether Plaintiff's claims are reached by ERISA's express preemption provisions, it first must determine whether it may properly exercise subject matter jurisdiction over these claims.

allegations of the complaint could not be any clearer in demonstrating that Plaintiff seeks relief that is independent from, and not grounded in, the terms of any ERISA-regulated benefit plan offered to him as an employee of Defendant UPS. Plaintiff expressly alleges in his complaint that as an inducement to settle his workers' compensation claim, Defendants offered him a "contractual annuity" in a fixed amount of $2,305.00 per month that he would receive "in addition to his ERISA covered retirement and health care benefits," (Complaint at ¶ 5-6), and he reiterates elsewhere in this pleading that in discussions relating to the settlement of his workers' compensation claim, he allegedly was promised monthly payments "separate from" and "in addition to" the pension benefits he was entitled to receive under the UPS Retirement Plan, (*see id.* at ¶¶ 6, 10, 17.) In short, nothing within the four corners of Plaintiff's complaint indicates that he is seeking a recovery in accordance with the terms of an employee benefit plan governed by ERISA, nor even that his requested relief is measurable by resort to the terms of an ERISA plan.

Next, it is equally clear from the allegations of the complaint that the state-law claims asserted by Plaintiff rests upon alleged violations of duties owed to him independent of ERISA or the terms of any ERISA-regulated plan. According to the complaint, the payments that Plaintiff seeks to recover were offered to him in

9

"relat[ion] to the redemption of his workers['] compensation claim," and in an effort to "induce [Plaintiff] to accept the workers['] compensation settlement agreement" offered by Defendants.  (Complaint at ¶¶ 8, 16.)  Plaintiff further alleges that Defendants breached this promise made in connection with the settlement of his workers' compensation claim by refusing to make the monthly payments called for under this settlement agreement.  (*See id.* at ¶¶ 11-12.)  These allegations do not rest upon any obligations owed by Defendants under the terms of an ERISA plan, but rather reflect contractual or quasi-contractual duties allegedly assumed by Defendants under a separate agreement to settle Plaintiff's workers' compensation claim.  These alleged duties would be owed regardless of the existence of any ERISA plan, and regardless of any benefits to which Plaintiff might be entitled under such a plan.

Indeed, while not dispositive, *see Hogan,* 823 F.3d at 879-80, it is noteworthy that the parties named as defendants include UPS's workers' compensation insurer, Liberty Mutual, and two UPS employees involved in the handling of workers' compensation claims.  In contrast, no ERISA plan or plan administrator has been named as a defendant in this case.  Accordingly, neither prong of the two-part standard for complete preemption is satisfied here, and it follows that the state-law claims asserted by Plaintiff do not trigger a right of

10

removal.

Defendants propose two means of avoiding this result, but neither carries the day. First, a considerable portion of Defendants' briefing in support of their present motions is devoted to the question whether Plaintiff's state-law claims are reached by § 514(a) of ERISA, which preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" governed by ERISA. 29 U.S.C. § 1144(a). As explained earlier, however, express preemption under § 1144(a) "does not create a federal cause of action itself, and cannot convert a state cause of action into a federal cause of action under the well-pleaded complaint rule." *Warner v. Ford Motor Co.,* 46 F.3d 531, 534 (6th Cir. 1995). Thus, as the Sixth Circuit has repeatedly explained, "[t]hat a state-law claim is preempted under § 1144(a) is no basis to remove the case from state . . . to federal [court]." *Gardner,* 715 F.3d at 612; *see also Hogan,* 823 F.3d at 879; *Warner,* 46 F.3d at 534. It follows that Defendants' effort to invoke § 1144(a) preemption provides no assistance in establishing that this case was subject to removal in the first instance.[6]

---

[6]Indeed, at least one court has observed that there is an undeniable tension between a defendant's removal of a case to federal court under the complete preemption doctrine and the defendant's argument following removal that a state-law claim asserted by the plaintiff is subject to dismissal as preempted under § 1144(a). *See Ackerman v. Fortis Benefits Insurance Co.,* 254 F. Supp.2d 792, 817 (S.D. Ohio 2003). The court reasoned

11

More generally, Defendants seem to suggest that any state-law claim for an employment-related benefit brought by an employee while he is a participant in an ERISA plan necessarily relates to ERISA, and thus is preempted by ERISA and subject to dismissal.  The case law, however, does not support this overly broad view of ERISA preemption.  In *E.I. du Pont de Nemours & Co. v. Sawyer,* 517 F.3d 785, 789-91 (5th Cir. 2008), for example, former DuPont employees alleged that the company fraudulently induced them to terminate their employment and accept jobs with a subsidiary, resulting in less favorable employment conditions, including lower wages and benefits, when this subsidiary was later sold.  DuPont argued that this state-law claim was preempted by ERISA, since the employees were participants in or beneficiaries of an ERISA plan at the time DuPont made its alleged misrepresentations.  The court disagreed, explaining that "the misrepresentations that the employees complain of in this case do not appear to have occurred in the context of [ERISA] plan administration."  *E.I. du Pont,* 517 F.3d at 798.  Similarly, a court in this district found that a claim to enforce rights

---

that it would be "incongruous" to permit a defendant to "remove an action on the basis that it states a claim under ERISA, and then move to dismiss on the basis that it is preempted by ERISA, the very statute which gave it life."  *Ackerman,* 254 F. Supp.2d at 817.  Rather, the court suggested that if a state-law claim is properly removed to federal court as completely preempted, the court should allow this claim to go forward as a federal claim under § 502(a) of ERISA, and should not entertain a request to dismiss this claim as preempted under § 1144(a).  *Ackerman,* 254 F. Supp.2d at 817-18.

12

allegedly conferred under Michigan's workers' compensation statute was not preempted by ERISA, reasoning that "[a]lthough [the] plaintiff is a plan participant, he does not seek to enforce [any] rights guaranteed by ERISA." *Gilford v. Detroit Edison Co.,* 846 F. Supp. 44, 46 (E.D. Mich. 1994); *see also Buote v. Verizon New England,* 190 F. Supp.2d 693, 704-05 (D. Vt. 2002) (holding that because the defendant employer "had separate plans for workers' compensation and non-occupational disability benefits," only the latter of which was governed by ERISA, a state-law claim alleging improper administration of the workers' compensation plan was not preempted by ERISA). Accordingly, even assuming Defendants' appeal to express preemption were relevant to the Court's present inquiry, it is by no means apparent that Plaintiff's state-law claims would be preempted under § 1144(a).[7]

Next, Defendants contend that the actions taken by Plaintiff and his counsel before filing this suit speak louder than the words of Plaintiff's complaint. In particular, when Plaintiff began receiving monthly payments in April of 2014 that fell short of what he believed he was promised in settlement of his workers' compensation claim, he and his lawyer initially challenged this shortfall by (i) contending that the monthly pension benefits Plaintiff was receiving under the UPS

---

[7]The Court hastens to add that it need not, and therefore does not, decide this issue.

13

Retirement Plan were less than $1,905 monthly payments called for under the parties' settlement of Plaintiff's workers' compensation claim, (*see* Notice of Removal, Ex. D-1, 4/18/2015 Letter from Plaintiff's Counsel), and (ii) pursuing at least some of the administrative remedies provided under the Plan, (*see* Notice of Removal, Ex. D-2, 9/12/2014 Letter to Plaintiff; Ex. D-3, 4/15/2015 Letter to Plaintiff).[8]  In Defendants' view, this course of conduct amounts to an admission by Plaintiff and his counsel that Plaintiff is seeking an award of benefits from the UPS Retirement Plan.

Yet, in determining whether Plaintiff's state-law claims are completely preempted by ERISA, the Court must consider these claims as they are actually pled by Plaintiff, and not as they could have been pled under some alternate theory. While the evidence put forward by Defendants indicates that Plaintiff and his counsel previously viewed the settlement of Plaintiff's workers' compensation claim as calling for specified monthly payments from the UPS Retirement Plan,

---

[8]The materials cited by Defendants as evidence of the actions taken by Plaintiff and his counsel before bringing this suit are not referred to in Plaintiff's complaint, nor are they among the exhibits accompanying the complaint.  Nonetheless, Defendants insist that the Court may consider these materials in deciding the present motion to dismiss because they are central to the claims asserted by Plaintiff.  *See Weiner v. Klais & Co.,* 108 F.3d 86, 89 (6th Cir. 1997).  The Court assumes, for present purposes, that Defendants are correct on this point, because the Court's consideration of this evidence does not affect the outcome here.

14

Plaintiff expressly alleges in his complaint that this settlement calls for specified monthly payments **in addition to** the pension benefits owed to Plaintiff under the Plan. To be sure, the theory of recovery pursued by Plaintiff in this case differs from the one evidently advanced by Plaintiff and his counsel in their correspondence to UPS representatives prior to this suit. Nonetheless, Defendants have failed to identify any authority for the proposition that a party is somehow precluded, presumably through some form of estoppel, from adopting a new legal theory or interpretation of the record as he moves from pre-litigation negotiations to the filing of a complaint.

In the end, the Court's rulings must rest upon the claims actually pled by Plaintiff in this case, and not claims that Plaintiff might have pled but did not, or that Plaintiff and his counsel might have contemplated before bringing this suit. Perhaps, as Defendants suggest in their motion, Plaintiff's claims as pled rest upon an untenable understanding of the offer extended to Plaintiff in connection with the settlement of his workers' compensation claim. Perhaps, as this Court suggested in the prior suit brought by Plaintiff against UPS and its health care plan, the PowerPoint presentation and oral assurances cited by Plaintiff in support of his claims will not survive the merger clause in the redemption agreement executed by Plaintiff to settle his workers' compensation claim. *See Roback*, 2010 WL

15

4286180 at *8 n.10.  These issues, however, go to the merits of the state-law claims asserted by Plaintiff.  In light of the Court's conclusion that these claims are not completely preempted by ERISA, and thus are not removable to federal court, it must be left to the state court upon remand to address the merits of Plaintiff's claims.

## IV.  CONCLUSION

For the reasons set forth above,

NOW, THEREFORE, IT IS HEREBY ORDERED that the motion to dismiss brought by Defendants United Parcel Service, Inc. and Gary Guest (docket #9) is DENIED.  IT IS FURTHER ORDERED that the motion to dismiss brought by Defendant Liberty Mutual Auto and Home Services, LLC (docket #12) also is DENIED.  In light of these rulings, this case will be remanded to state court through a judgment of remand accompanying this opinion and order.

s/Gerald E. Rosen_____
United States District Judge

Dated:  September 13, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 13, 2016, by electronic and/or ordinary mail.

s/Julie Owens_____
Case Manager, (313) 234-5135

16